MARY WATRY

v.

JOHN EISHEN.

VERDICT AGAINST EVIDENCE.—The evidence wholly failing to establish any legal liability on the part of appellant, the judgment is reversed and cause remanded.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding. Opinion filed May 2, 1879.

Mr. E. P. HANSEN, for appellant; that the verdict was against the weight of evidence, and a new trial should be granted, cited Downing v. Wright, 51 Ill. 363; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; Fox River M'f'g Co. v. Reeves, 68 Ill. 403; Lincoln v. Stowell, 62 Ill. 84.

BAILEY, J. This suit was brought by the appellee against the appellant, and Lorenz Watry, her husband, to recover for certain moneys which the plaintiff claims were loaned by him to them. The loan of said moneys by the plaintiff to Lorenz Watry was not questioned, and judgment was entered against him by default. Upon an issue duly formed between the plaintiff and Mary Watry, the cause was tried by a jury in the Court below, and a verdict rendered for the plaintiff. A motion for a new trial by Mary Watry being overruled, the Court entered judgment against her upon the verdict.

The loan of money in question took place in the office of Lorenz Watry, and it appears that the plaintiff, Mr. and Mrs. Watry and Mr. Pontius, were present at the time. There is no evidence of any antecedent negotiation between the parties, and the liability of Mrs. Watry must be determined entirely by the evidence of what took place at the time the loan was made. It appears that the plaintiff delivered the money to Mr. Watry, and took from him his individual note therefor. The plaintiff thereupon demanded security upon the note, and Mrs. Watry remarked to her husband: " Can't you get two hundred dollars

upon your note without giving security?" This is all she is shown to have said during the entire enterview. In response to the demand for security, Mr. Watry took from his own pocket and delivered to the plaintiff a document which he stated at the time was worth $500. The plaintiff testifies that he did not know the nature of this document when he received it, but after getting home he examined it and found it to be an abstract of title of a certain piece of property upon which Mrs. Watry then held a mortgage. Mrs. Watry testifies that she also was ignorant of the nature of said document at the time it was delivered to the plaintiff, but afterwards learned what it was.

The amount of money loaned was two hundred dollars. Of this sum Mr. Watry paid $150 to said Pontius immediately on receiving it, for a debt he then owed him. Some portion of the balance—how much does not appear—Watry handed to his wife. Beyond the facts above stated, there is nothing shown by the record having, so far as we can see, the slightest tendency to connect Mrs. Watry with the loan. It is too plain for argument that these facts utterly fail to show any liability on the part of Mrs. Watry to the plaintiff. On the other hand, the fact that the loan was made to Mr. Watry alone, and that he, and he alone, is liable to the plaintiff therefor, seems to be clearly established.

The verdict and judgment are wholly unsupported by the evidence, and the judgment must therefore be reversed and the cause remanded.

Reversed and remanded.